1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

IDRIS L CURRY,

            Plaintiff,

            v.

THE SECRETARY OF HOUSING AND
URBAN DEVELOPMENT, et al.,

            Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 21-1173 FMO (MAAx)


**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

17

18

19

20

21

22

23

24

25

26

27

28

     Plaintiff Idris L. Curry ("plaintiff") filed his complaint against defendants The Secretary of Housing and Urban Development, Financial Freedom Acquisition, LLC, Nemovi Law Group, and all persons claiming any interest in property located at 5959 4th Avenue, Los Angeles, CA (collectively, "defendants") on February 4, 2021. (Dkt. 1, Complaint). By order dated May 21, 2021, plaintiff was ordered to show cause by May 28, 2021, why this action should not be dismissed without prejudice for lack of prosecution. (See Dkt. 9, Court's Order of May 21, 2021 ("OSC")). The OSC stated that it would stand submitted upon the filing of proofs of service, applications for entry of default, or defendants' answers. (See id.). The OSC admonished plaintiff that "[f]ailure to file a timely response to [the OSC] shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Fed. R. Civ. P.  4 & 41(b)); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30,

82 S.Ct. 1386, 1388 (1962)).  As of the filing date of this Order, plaintiff has not filed a proof of service or an application for entry of default.  (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]"  In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders.  Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (same).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and to comply with the Court's Order of May 21, 2021 (Dkt. 9), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of the court.
Dated this 11th day of June, 2021.

/s/
Fernando M. Olguin
United States District Judge

2