UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1173 FMO (MAAx) | Date | September 29, 2021 |
|---|---|---|---|
| Title | Idris L Curry v. The Secretary of Housing & Urban Development, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:**       (In Chambers) Order to Show Cause re: Proofs of Service

    Plaintiff Idris L. Curry ("plaintiff") filed his Complaint against defendants The Secretary of Housing and Urban Development, Financial Freedom Acquisition, LLC, Nemovi Law Group, and all persons claiming any interest in property located at 5959 4th Avenue, Los Angeles, CA (collectively, "defendants") on February 4, 2021.  (Dkt. 1, Complaint).  On May 21, 2021, plaintiff was ordered to show cause why this action should not be dismissed for lack of prosecution for failure to complete service of the summons and Complaint on defendants as required by Rule 4(m).  (See Dkt. 9, Court's Order of May 21, 2021 ("OSC")).  After plaintiff failed to file a timely response to the OSC, the court dismissed the action without prejudice for lack of prosecution on June 11, 2021.  (See Dkt. 10, Court's Order of June 11, 2021).  Five weeks after the case was dismissed, plaintiff moved to vacate the order of dismissal.  (See Dkt. 12, Plaintiff's [] Motion to Vacate Order of Dismissal []).  On August 11, 2021, the court granted plaintiff's motion and re-opened the action.  (Dkt. 13, Court's Order of August 11, 2021, at 2).  Plaintiff was ordered to file proof(s) of service demonstrating service of the summons and Complaint on defendants no later than September 10, 2021.  (Id.).

    Plaintiff filed a proof of service on September 7, 2021, as to The Secretary of Housing and Urban Development ("HUD"), (see Dkt. 15, Proof of Service), but the proof of service does not comply with Rule 4 of the Federal Rules of Civil Procedure.  First, the summons does not list plaintiff's name and address, nor does it list HUD or any other defendant's address.  See Fed. R. Civ. P. 4(a); L.R. 4-1.  Second, the proof of service does not comply with the service of process rules for a federal agency.  Rule 4[1] provides that "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).  "To serve the United States, a party must:

---

    [1] Unless otherwise specified, all references to "Rules" shall be to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1173 FMO (MAAx) | Date | September 29, 2021 |
|---|---|---|---|
| Title | Idris L Curry v. The Secretary of Housing & Urban Development, et al. | | |

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Id. at 4(i)(1).

As to the named private defendants Financial Freedom Acquisition, LLC and Nemovi Law Group (collectively, "private defendants"), the court docket does not disclose any proof of service, nor any attempts at service.

Rule 4(m) provides that, if service of the summons and complaint is not made upon a party within 120 days of filing the complaint, a federal district court has the authority to sua sponte dismiss an action without prejudice, after notice to the plaintiff. Fed. R. Civ. P. 4(m). If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service. See id.; see also Muhammed v. Dep't of Treasury, 1998 WL 986245, *3 (C.D. Cal. 1998). The burden of establishing good cause is on the party attempting service. Muhammed, 1998 WL 986245, at *4. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules[.]" Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run).

Given the Court's Order of August 11, 2021, it is clear that plaintiff has been advised of his obligation to effect service of process within the Rule 4(m) deadline, and that he was placed on notice that dismissal of defendants could result if he failed to complete service of process within the Rule 4(m) deadline. (See, e.g., Dkt. 13, Court's Order of August 11, 2021). It has now been over seven months since plaintiff filed his Complaint, and he has yet to serve – or attempt to serve – the private defendants. Therefore, dismissal of the private defendants is warranted. See Chemehuevi Indian Tribe v. Wilson, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (dismissing certain defendants because of plaintiff's failure to timely serve those defendants).

**This Order is not intended for publication. Nor is it intended to be included in or**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1173 FMO (MAAx) | Date | September 29, 2021 |
|---|---|---|---|
| Title | Idris L Curry v. The Secretary of Housing & Urban Development, et al. | | |

submitted to any online service such as Westlaw or Lexis.

Based on the foregoing, IT IS ORDERED THAT:

1. The proof of service and summons (**Document Nos. 14 and 15**) are hereby **stricken**.

2. Plaintiff shall file a valid proof of service as to The Secretary of Housing and Urban Development no later than **October 18, 2021**. Plaintiff is cautioned that failure to timely file a valid proof of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

3. Financial Freedom Acquisition, LLC and Nemovi Law Group are **dismissed without prejudice** from the above-captioned case.

4. The defendant listed on the docket as "All Persons Claiming any legal, or equitable right, title, estate, lien or interest in the subject property located at 5959 4th Avenue, Los Angeles CA., APN. 4005019030" shall be terminated and/or removed from the docket as that is not a properly named defendant.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |