UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1173 FMO (MAAx) | Date | October 19, 2021 |
|---|---|---|---|
| Title | Idris L Curry v. The Secretary of Housing & Urban Development, et al. | | |

Present: The Honorable  Fernando M. Olguin, United States District Judge

| Gabriela Garcia | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present  None Present

**Proceedings:**     (In Chambers) Order to Show Cause re: Proof of Service

The court is in receipt of plaintiff Idris L. Curry's ("plaintiff") Verified Request/Petition for Additional Time to Provide Proof of Service [ ] (Dkt. 17, "Request") and concludes as follows.

Plaintiff filed his Complaint against defendants The Secretary of Housing and Urban Development, Financial Freedom Acquisition, LLC, Nemovsi Law Group, and all persons claiming any interest in property located at 5959 4th Avenue, Los Angeles, CA (collectively, "defendants") on February 4, 2021. (Dkt. 1, Complaint). On May 21, 2021, plaintiff was ordered to show cause why this action should not be dismissed for lack of prosecution for failure to complete service of the summons and Complaint on defendants as required by Rule 4(m) of the Federal Rules of Civil Procedure.[1]  (See Dkt. 9, Court's Order of May 21, 2021).  After plaintiff failed to file a timely response to the Court's Order of May 21, 2021, the court dismissed the action without prejudice for lack of prosecution on June 11, 2021.  (See Dkt. 10, Court's Order of June 11, 2021).  Five weeks after the case was dismissed, plaintiff moved to vacate the order of dismissal.  (See Dkt. 12, Plaintiff's [] Motion to Vacate Order of Dismissal []).  On August 11, 2021, the court granted plaintiff's motion and re-opened the action.  (Dkt. 13, Court's Order of August 11, 2021, at 2).  Plaintiff was ordered to file proof(s) of service demonstrating service of the summons and Complaint on defendants no later than September 10, 2021.  (Id.).  Plaintiff filed a proof of service on September 7, 2021, as to The Secretary of Housing and Urban Development ("HUD"), but the proof of service did not comply with Rule 4.  (See Dkt. 15, Proof of Service).  On September 29, 2021, the court issued another order requiring that plaintiff file a valid proof of service as to the The Secretary of Housing and Urban Development no later than October 18, 2021, and dismissing defendants Financial Freedom Acquisition, LLC and Nemovi Law Group.  (See Dkt. 16, Court's Order of September 29, 2021, at 3).  The order identified defects in the summons and service of process for a federal agency.  (See id. at 1-2).

Plaintiff's Request, filed on October 15, 2021, attached copies of certified mail receipts

---

[1] Unless otherwise specified, all references to "Rules" shall be to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-1173 FMO (MAAx) | Date | October 19, 2021 |
|---|---|---|---|
| Title | Idris L Curry v. The Secretary of Housing & Urban Development, et al. | | |

indicating that he sent mail to the civil process clerk for the United States Attorney's Office for the Central District of California and the Attorney General of the United States. (See Dkt. 17, Request at ECF 5-7). Plaintiff also attached an affidavit by a person who served "Plaintiff's Request for Additional Time to Perfect Service," but the affidavit does not state that service included the summons and complaint. (Id. at ECF 10). Nor does plaintiff state elsewhere in the Request that he served a copy of the summons and complaint. (See, generally, Dkt. 17, Request). Thus, it is unclear to the court whether plaintiff has complied with the requirement in Rule 4 and the court's prior orders that he serve the summons and complaint.

Pursuant to Rule 4(l), plaintiff must prove that he served the summons and complaint by filing an affidavit signed by the server. See Fed. R. Civ. P. 4(l). Plaintiff may consider using the sample affidavit form available from Public Counsel's Federal Pro Se Clinic, at http://www.publiccounsel.org/tools/assets/files/1127.pdf. (Guide for Serving the United States).

Rule 4(m) provides that, if service of the summons and complaint is not made upon a party within 120 days of filing the complaint, a federal district court has the authority to sua sponte dismiss an action without prejudice, after notice to the plaintiff. Fed. R. Civ. P. 4(m). If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service. See id.; see also Muhammed v. Dep't of Treasury, 1998 WL 986245, *3 (C.D. Cal. 1998). The burden of establishing good cause is on the party attempting service. Muhammed, 1998 WL 986245, at *4. The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules[.]" Hamilton v. Endell, 981 F.2d 1062, 1065 (9th Cir. 1992); see also Townsel v. County of Contra Costa, 820 F.2d 319, 320-21 (9th Cir. 1987) (holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run). The court hereby finds good cause to grant plaintiff additional time to accomplish service and file a valid proof of service with the court.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Verified Request/Petition for Additional Time to Provide Proof of Service [ ] (**Document No. 17**) is **granted** as set forth above.

2. Plaintiff shall file a valid proof of service, including the server's affidavit, as to The Secretary of Housing and Urban Development no later than **November 5, 2021**. Plaintiff is cautioned that failure to timely file a valid proof of service shall result in this action being dismissed without prejudice for failure to effect service, for lack of prosecution and/or failure to comply with the orders of the court. See Fed. R. Civ. P. 4 & 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 21-1173 FMO (MAAx)** | Date | **October 19, 2021** |
|---|---|---|---|
| Title | **Idris L Curry v. The Secretary of Housing & Urban Development, et al.** | | |

|  | 00 : 00 |
|---|---|
| Initials of Preparer | gga |