JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IDRIS L CURRY, | ) | NO. CV 21-1173 FMO (MAAx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, et al., | ) | |
| Defendants. | ) | |

Plaintiff Idris L. Curry ("plaintiff") filed his complaint against defendants The Secretary of Housing and Urban Development, Financial Freedom Acquisition, LLC, Nemovi Law Group, and all persons claiming any interest in property located at 5959 4th Avenue, Los Angeles, CA (collectively, "defendants") on February 4, 2021. (Dkt. 1, Complaint). By order dated May 21, 2021, plaintiff was ordered to show cause by May 28, 2021, why this action should not be dismissed without prejudice for lack of prosecution. (See Dkt. 9, Court's Order of May 21, 2021). The order to show cause stated that it would stand submitted upon the filing of proofs of service, applications for entry of default, or defendants' answers. (See id.). The OSC admonished plaintiff that "[f]ailure to file a timely response to [the OSC] shall result in the action or the above defendant(s) being dismissed for lack of prosecution and for failure to comply with the orders of the court." (Id.) (citing Fed. R. Civ. P. 4 & 41(b)); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)). After plaintiff failed to file a proof of service or an application for entry of default, the court dismissed the action without prejudice. (See Dkt. 10, Court's Order of June 11, 2021).

On July 16, 2021, plaintiff moved to vacate the order of dismissal. (See Dkt. 12, Motion to Vacate). The court granted plaintiff's motion, set aside the order dismissing the action, and ordered plaintiff to file proof(s) of service no later than September 10, 2021. (Dkt. 13, Court's Order of August 11, 2021). Plaintiff filed a proof of service as to The Secretary of Housing and Urban Development ("HUD") on September 7, 2021, (Dkt. 15, Proof of Service), however, the court struck the filing for failure to comply with Rule 4 of the Federal Rules of Civil Procedure.[1] (See Dkt. 16, Court's Order of September 29, 2021). The court explained the process for serving a United States agency pursuant to Rule 4 and granted plaintiff additional time to serve HUD by requiring him to file a valid proof of service no later than October 18, 2021. (See id.). The court dismissed without prejudice private defendants Financial Freedom Acquisition, LLC and Nemovi Law Group for failure to effect service.[2] (See id. at 3).

On October 15, 2021, plaintiff filed a Verified Request/Petition for Additional Time to Provide Proof of Service. (See Dkt. 17, "Request"). Plaintiff attached copies of certified mail receipts showing that he sent mail to the civil process clerk for the United States Attorney's Office for the Central District of California and the Attorney General of the United States, (see Dkt. 17, Request at ECF 5-7), however, the attached affidavit stated that plaintiff merely sent those recipients a copy of the Request, not the summons and complaint. (See id. at ECF 10). In other words, plaintiff's filing did not indicate compliance with Rule 4. (See Dkt. 18, Court's Order of October 19, 2021, at 1-2). Nonetheless, the court granted plaintiff's Request and required that plaintiff file a valid proof of service no later than November 5, 2021. (See id. at 2). The court reminded plaintiff of Rule 4's requirements and pointed plaintiff to resources available from Public Counsel's Federal Pro Se Clinic, including a sample server's affidavit. (See id. at 2). The court again cautioned plaintiff that failure to comply with the deadline would result in the action being

---

[1] Unless otherwise indicated, all references to "Rules" shall be to the Federal Rules of Civil Procedure.

[2] The court also ordered "All Persons Claiming any legal, or equitable right, title, estate, lien or interest in the subject proporty located at 5959 4th Avenue, Los Angeles CA., APN. 4005019030" terminated and/or removed from the docket as an improperly named defendant. (See Dkt. 16, Court's Order of September 29, 2021, at 3).

dismissed. (See id. at 2) (citing Fed. R. Civ. P. 4 & 41(b)); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388). On October 21, 2021, plaintiff filed another proof of service that did not comply with Rule 4. (See Dkt. 19, Proof of Service). As of the date of this Order, plaintiff has not filed a valid proof of service of the summons and complaint on HUD, the sole remaining defendant. (See, generally, Dkt.).

Rule 4(m) of the Federal Rules of Civil Procedure provides that a court, on its own initiative, "must dismiss the action without prejudice" if service is not effected "within 90 days after the complaint is filed[.]" In addition, a district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order). Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id.; Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (same).

Pursuant to Rules 4(m) and 41(b) and the Court's inherent power to achieve the orderly and expeditious disposition of cases, Link, 370 U.S. at 629-30, 82 S.Ct. at 1388, and in light of the factors outlined in Henderson, supra, dismissal of this action without prejudice for failure to effect service within the specified time and to comply with the Court's Order of October 19, 2021 (Dkt. 18), is appropriate.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to effect service and comply with the orders of this Court.
Dated this 24th day of November, 2021.

/s/
Fernando M. Olguin
United States District Judge